UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: MARIE GISELE KAMANOU GOUNE,

26-CV-3581 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

This appeal comes before the Court from the Bankruptcy Court of the Southern District of New York. Appellant-Debtor Marie Gisele Kamanou Goune, who is proceeding pro se, asks this Court to reverse the Bankruptcy Court's dismissal of her Chapter 13 bankruptcy case. Because it is undisputed that Appellant failed to comply with the Bankruptcy Code's procedural requirements, the Court denies Appellant's request and affirms the Bankruptcy Court's dismissal.

## BACKGROUND

On December 2, 2025, Appellant initiated a Chapter 13 bankruptcy case in the Bankruptcy Court of the Southern District of New York. *See* Petition, *In re Marie Gisele Kamanou Goune*, No. 25-23171 (DSJ) (Bankr. S.D.N.Y. Dec. 2, 2025)[1] ("Bankr. Case"), ECF No. 1. On February 19, 2026, the Chapter 13 Standing Trustee (the "Trustee") moved for dismissal of the case on the grounds that Appellant did not have regular income and therefore did not qualify as a debtor or indicate that she would be able to make any Chapter 13 plan payments, and that Appellant failed to comply with various bankruptcy statutes and rules. Bankr. Case, ECF No. 20 at 2–3.

[1] While the present appeal has been pending before this Court, Appellant appears to have initiated numerous cases before both this Court and the Bankruptcy Court. *See* ECF No. 31. Appellant has initiated two related cases before this Court: *Kamanou Goune v. Select Portfolio Servicing, Inc.*, No. 26-CV-6487 (JGLC) and *Kamanou Goune v. Deutsche Bank National Trust Company, As Trustee*, No. 26-CV-7548 (JGLC). Appellant also appears to have filed an additional bankruptcy case: *In re Marie Gisele Kamanou Goune*, No. 26-22857 (DSJ).

On April 15, 2026, the Bankruptcy Court held a hearing on the Trustee's motion to dismiss Appellant's Chapter 13 bankruptcy case. *See* Bankr. Case, ECF No. 46. The Bankruptcy Court dismissed Appellant's case, without prejudice, pursuant to Section 1307(c) of the Bankruptcy Code—specifically, because Appellant had failed to file a plan and commence prompt payments in accordance with that plan. *Id.* at 7:7–8:13.

After the April 15, 2026 hearing, the Bankruptcy Court issued a written order granting the motion to dismiss on April 30, 2026. *See* Bankr. Case, ECF No. 35. The Bankruptcy Court's order stated that dismissal was warranted on multiple grounds. *Id.* Specifically, Appellant "failed to file a Chapter 13 plan, as required by 11 U.S.C. § 1321 and Fed. R. Bankr. P. 3015(b)"; "failed to commence making Chapter 13 plan payments to the Trustee, as required by 11 U.S.C. §1326(a)(1)"; "failed to be examined at the section 341 meeting of creditors as required by 11 U.S.C. § 343"; "failed to file with the Court a certification that all amounts payable under a domestic support obligation have been paid as required by 11 U.S.C. §1328(a)"; and "failed to comply with 11 U.S.C. § 521(e)(2)(A)(i) in that the Debtor has not provided the Trustee with a copy of Federal and State income tax returns or transcripts for the most recent year 7 days before the first meeting of creditors." *Id.*

On April 30, 2026, Appellant filed her notice of appeal in this Court. ECF No. 1. Appellant raises five grounds for appeal: (1) failure to properly consider documentary evidence of indigency and hardship; (2) erroneous finding of non-compliance; (3) violations of due process; (4) abuse of discretion related to contradictory findings; and (5) inconsistent application of relief. ECF No. 3. On June 30, 2026, Appellant filed her amended brief. ECF No. 9. Appellant filed a supplemental brief on July 2, 2026. ECF No. 14.

On July 20, 2026, the Trustee filed a letter, noting that Appellant had failed to file a record on appeal alongside her brief, as required by Federal Rule of Bankruptcy 8018(b)(1). ECF No. 18. Accordingly, on July 23, 2026, the Court ordered Appellant to file a record of appeal by August 11, 2026, and extended the Trustee's deadline to file a responsive brief. ECF No. 20.

On August 10, 2026, Appellant filed an "appendix" of listed documents, which she represented as constituting the complete record on appeal. ECF No. 21. *See also* ECF No. 22 (Appellant's supplemental letter discussing the record on appeal). On August 18, 2026, the Trustee filed a letter, asserting that Appellant did not sufficiently "present[] a meaningful record on appeal." ECF No. 23 at 1. The Trustee specifically noted that there was "no submission of the transcript of the detailed hearing that was held before the Bankruptcy Court that resulted in the dismissal of the case that is being submitted as the record," which "would materially impact the District Court's ability to analyze the appeal." *Id.* at 2. Therefore, the Trustee requested dismissal on the basis of Appellant's failure to provide an adequate record for appellate review pursuant to Federal Rule of Bankruptcy Procedure 8018(b)(1). *Id.* Appellant opposed dismissal on this basis, arguing among other reasons that dismissal would be unduly severe and unwarranted. ECF No. 25.

On August 25, 2026, the Court denied dismissal of Appellant's bankruptcy appeal for failure to file a record on appeal and dispensed with the requirement for Appellant to file the appendix. *See* ECF No. 24. The Court ordered the Trustee to "serve and file with its brief an appendix containing any material that is required to be included or is relevant to the appeal or cross-appeal but that is omitted from the appellant's appendix." *Id.* at 2 (quoting Fed. R. Bankr. P. 8018(b)(2)). On September 2, 2026, the Trustee, in response to the Court's Order, informed the Court that in light of "the merits of the underlying decision; the time and expense associated with

a brief; and the benefit if any to creditors," he would "not be filing a responsive brief in th[is] appeal." ECF No. 27 at 1.

On September 14, 2026, Appellant moved for the Court to order the Trustee to file the record on appeal, including transcripts of meetings of creditors held before the Trustee. ECF No. 28. Appellant subsequently filed a letter-motion reiterating these requests. ECF No. 30.

Accordingly, on October 1, 2026, the Court granted Appellant's request for production, at the expense of the United States, of transcripts for all hearings in the underlying bankruptcy case. ECF No. 29; *see also* Bankr. Case, ECF Nos. 44–46 (transcripts of hearings held in the underlying bankruptcy case). However, the Court did not require production of transcripts of the meetings of creditors held before the Trustee. On October 26, 2026, Appellant filed her reply brief in support of her appeal. ECF No. 31.

**LEGAL STANDARD**

District courts have appellate jurisdiction over final judgments of bankruptcy courts. 28 U.S.C. § 158(a). Findings of fact are reviewed for clear error, while conclusions of law are reviewed de novo. *In re Colony Hill Assocs.*, 111 F.3d 269, 273 (2d Cir. 1997). Mixed questions of law and fact are reviewed de novo. *In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003). Because "[t]he Debtor-Appellant appeals *pro se*," the Court accords her "special solicitude, and construe[s] [her] submissions liberally to raise the strongest arguments that they suggest." *In re Tenore*, No. 24-CV-9729 (CS), 2025 WL 1693503, at *3 (S.D.N.Y. June 16, 2025), *appeal dismissed*, No. 25-1633 (2d Cir. Aug. 15, 2025) (internal quotation marks and citations omitted).

**DISCUSSION**

Because neither Appellant nor the Trustee filed the full record on appeal pursuant to Federal Rule of Bankruptcy Procedure 8018, the Court "take[s] judicial notice of the filings in

the underlying bankruptcy case and proceed[s] on the original record pursuant to Fed. R. Bankr. P. 8018(e)." *In re Roman Cath. Diocese of Rockville Ctr., N.Y.*, No. 23-CV-3777 (AKH), 2024 WL 2262708, at *1 n.1 (S.D.N.Y. May 17, 2024); *see also In re Tsinias*, No. 23-CV-3681 (KMK), 2024 WL 707201, at *1 n.2 (S.D.N.Y. Feb. 21, 2024).

Here, all of Appellant's various objections to the dismissal of her Chapter 13 bankruptcy case fail, *see* ECF Nos. 3, 9, 14, because it is uncontroverted that Appellant failed to comply with multiple procedural requirements of the Bankruptcy Code. Specifically, Appellant never controverts that she: "failed to file a Chapter 13 plan, as required by 11 U.S.C. § 1321 and Fed. R. Bankr. P. 3015(b)"; "failed to commence making Chapter 13 plan payments to the Trustee, as required by 11 U.S.C. § 1326(a)(1)"; "failed to be examined at the section 341 meeting of creditors as required by 11 U.S.C. § 343"; "failed to file with the Court a certification that all amounts payable under a domestic support obligation have been paid as required by 11 U.S.C. § 1328(a)"; and "failed to comply with 11 U.S.C. § 521(e)(2)(A)(i) in that the Debtor has not provided the Trustee with a copy of Federal and State income tax returns or transcripts for the most recent year 7 days before the first meeting of creditors." Bankr. Case, ECF No. 35. Under 11 U.S.C. § 1307(c), the Bankruptcy Court may have dismissed Appellant's Chapter 13 case for cause for any one of these reasons.

Specifically, "in Chapter 13 cases, a debtor is required to file a Chapter 13 plan within fourteen days after the filing of the petition." *In re Tenore*, 2025 WL 1693503, at *5 (citing 11 U.S.C § 1321; Fed. R. Bankr. P. 3015(b)). Here, it is undisputed that Appellant never filed such a plan. This "failure to timely file a Chapter 13 plan constitutes cause for dismissal." *Id.* (citing 11 U.S.C. § 1307(c)(3)). Similarly, Appellant's undisputed failure "to commence Chapter 13 plan payments as required by 11 U.S.C. § 1326, . . . likewise constitutes cause for dismissal." *Id.*

(citing 11 U.S.C. § 1307(c)(4); *In re Mitrany*, No. 08-BK-40034 (ESS), 2008 WL 2128162, at *6 (Bankr. E.D.N.Y. May 16, 2008)). *See also Rivera v. JP Morgan Chase*, No. 20-CV-5436 (JMA), 2021 WL 1999410, at *4 (E.D.N.Y. May 19, 2021) (affirming dismissal of a Chapter 13 bankruptcy case when the debtor admitted to failing to "propose[] a Chapter 13 plan, or ma[k]e any payments to the Trustee," because "[e]ither one of these failures on its own may be cause for dismissal under Section 1307(c)") (collecting cases); *In re Burgos*, 476 B.R. 107, 112 (Bankr. S.D.N.Y. 2012) (dismissing a Chapter 13 bankruptcy case, when the debtor "ha[d] not proposed a chapter 13 plan, or made any payments to the Trustee," and "[e]ither one of these failures, under § 1307, may be cause for dismissal on its own").

The same applies for Appellant's failure to attend the section 341 meeting of creditors or to provide necessary tax return information to the Trustee. *In re Tenore*, 2025 WL 1693503, at *6 (affirming dismissal of a Chapter 13 case when the debtor failed to timely file his Chapter 13 plan, commence Chapter 13 plan payments, attend the section 341 meeting, or provide the trustee with a copy of his federal income tax return for the most recent tax year) (collecting cases).

Nothing in the record supports that the Bankruptcy Court failed to properly consider hardship, violated Appellant's due process rights, or otherwise abused its discretion or made a clear error. The Court finds no caselaw supporting that a debtor's hardships excuse her failure to comply with the procedural requirements of the Bankruptcy Code. *See In re Wassah*, 417 B.R. 175, 186 (Bankr. E.D.N.Y. 2009) (holding that a debtor's "conflicts with hearings in other courts, medical emergencies, [and] delay[s] in . . . attempting to get copies of documents" did not excuse his failure to file a Chapter 13 plan or to appear for a section 341 meeting). Furthermore, the Bankruptcy Court afforded Appellant notice and an opportunity to be heard, as demonstrated by

the three hearings at where Appellant was heard, *see* Bankr. Case, ECF Nos. 44–46, and consideration of Appellant's written submissions. *See* Bankr. Case, ECF Nos. 1, 21, 23–24, 29.

Therefore, the Court concludes that the Bankruptcy Court properly dismissed Appellant's Chapter 13 bankruptcy case for cause, "in light of her failure to fulfill her duties as a debtor in accordance with Section 1307(c)." *Rivera*, 2021 WL 1999410, at *5.

**CONCLUSION**

The Court DENIES Appellant's appeal and AFFIRMS the dismissal of Appellant's underlying bankruptcy case without prejudice.

The Clerk of Court is directed to terminate ECF No. 30 and to close this case.

Dated: November 19, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge